UNITED STATES DISTRICT COURT         08 cv 7599
SOUTHERN DISTRICT OF NEW YORK     Holwell, Judge
----------------------------------------------------------X
DAVID MERCADO, DEBBIE ROSADO
and AIDA BELTRAN,

                     Plaintiffs,          **COMPLAINT**

      -against-

NEW YORK CITY, CAPTAIN THOMAS McGRATH
and UNIDENTIFIED POLICE OFFICERS,        **JURY TRIAL DEMANDED**

                  Defendant(s).
----------------------------------------------------------X
     The plaintiffs, complaining of the defendants, by their attorney, FRED

LICHTMACHER, ESQ., respectfully show to this Court and alleges:

## JURISDICTION

1     Jurisdiction is founded upon the existence of a Federal Question.

2     This is an action to redress the deprivation under color of statute, ordinance, regulation,

custom, or usage of rights, privileges, and immunities secured to the plaintiffs by the Fourth

and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. §

1983.

3     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3 & 4).

4     Venue is appropriate pursuant to 28 U.S.C. §§ 1391 (b) (1 & 2).

## PARTIES

5     That the plaintiffs, DAVID MERCADO, DEBBIE ROSADO and AIDA BELTRAN, are

members of the same family and they are residents of the County, City and State of New York.

6     Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY

OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York, and that at all times relevant defendants

CAPTAIN THOMAS McGRATH and UNIDENTIFIED POLICE OFFICERS were acting for,

upon, and in furtherance of the business of their employer and within the scope of their

employment with the New York City Police Department (NYPD).

7       Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NYPD, including all the police officers thereof.

8       The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

9       This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983.

10      Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors under the color of law.

## STATEMENT OF FACTS

11      On August 30, 2007 at approximately 3:00 PM plaintiffs DAVID MERCADO and his mother DEBBIE ROSADO were in their home shared with Mercado's grandmother, plaintiff AIDA BELTRAN, at 20 Avenue D, Apt. 14D New York, NY.

12      The defendants broke into the plaintiffs' apartment by using a ram to break through the metal apartment door.

13      The defendants came in with their shields out which they used to hit Mercado two times.

14      Mercado was told to get on his knees on the floor and as he was complying with the defendants' request they threw him to the ground.

15      Despite offering no resistance, when Mercado was on the ground, he was restrained by four defendants two of whom pointed guns at his head, and by one of the defendants putting his knee in the his back, while Mercado explained he was not resisting.

16      Mercado was handcuffed facedown on the ground.

17      Plaintiff Rosado, who is Mercado's mother, is crippled from a stroke which took place several years earlier.

18      Rosado was in her wheel chair screaming as the defendants were pulling, wrenching and twisting her arm behind her which has been frozen in front of her since her stroke, despite Mercado specifically informing the defendants of Rosado's condition.

19      Mercado was lifted off the ground by his cuffed wrists.

20      The defendants informed Mercado they were looking for his uncle, whom the police actually had in custody since 9:30 am that day, and who had not lived in the apartment for more than 10 years.

21      The defendants lied to Mercado and told him that his uncle had given him up for "selling drugs out of the house" and they told Mercado he gave them permission to search the house.

22      The defendants searched the house and did damage to Mercado's and Beltran's rooms, to the plaintiffs' furniture, they broke the plaintiffs' front door and they broke down a door between the bedrooms, without legal justification or a necessity to damage any of plaintiffs' property.

23      The defendants were cursing and hurling insults at Mercado who is an active member of the National Guard and a veteran of the Iraqi conflict.

24      Beltran was not in the house during the incident and she was prevented from entering by the defendants while they were in the home.

25      The defendants had neither a warrant nor an exigent circumstance to justify their illegal entry into plaintiffs' home.

26      Mercado was taken out of the house in handcuffs and paraded around the neighborhood in front of a huge crowd, despite his not having committed any crimes.

27      Mercado was taken into Police Service Area 4 where he was held under arrest for over 45 minutes, interrogated and ultimately released without criminal charges being brought against him.

28      Mercado later heard that his neighbors believed he was AWOL from the armed services and that was why he was arrested.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS DAVID MERCADO AND
DEBBIE ROSADO VIOLATION OF THE PLAINTIFFS'
RIGHTS PURSUANT TO 42 U.S.C. § 1983
AND THE FOURTH AMENDMENT VIA EXCESSIVE,
UNNECESSARY AND UNREASONABLE FORCE**

29      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

30      That the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were unlawfully subjected to excessive, unnecessary and unreasonable force, by the defendants.

31      That said force used against the plaintiffs was employed without authority of law and without any reasonable necessity to use any force much less the excessive force they employed and that the force employed was used without legal justification, without plaintiffs' consent, with malice, with sadistic intent and with an intent to inflict pain and suffering.

32      As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiffs' right to be free from the use of excessive, unnecessary and unreasonable force.

33      That by reason of the unlawful use of excessive and unreasonable force, the plaintiffs were harmed physically and emotionally they were subjected to physical pain, humiliation, embarrassment, anxiety, and that the plaintiff Rosado  was subjected to various ongoing physical and severe emotional harms, and that they were otherwise harmed.

34      That by reason of the aforesaid, the plaintiff Rosado has been damaged in a sum not to exceed FIVE MILLION ($5,000,000.00) DOLLARS, and that the plaintiff Mercado has been damaged in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS and that the plaintiffs are entitled to awards of punitive damages, and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF DAVID MERCADO**
**VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO**
**42 U.S.C. § 1983 AND THE FOURTH AMENDMENT**
**FALSE ARREST**

35     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

36     That plaintiff Mercado's rights have been violated under the Fourth Amendment of the

United States Constitution made applicable to the states via the Fourteenth Amendment

pursuant to 42 U.S.C. § 1983, in that plaintiff was subjected to a false arrest by the defendants.

37     That the defendants confined the plaintiff, in that plaintiff was not free to leave,

defendants intended to confine plaintiff, plaintiff was conscious of confinement, plaintiff did

not consent to confinement and confinement was not otherwise privileged.

38     As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and

immunities under the  Fourth and Fourteenth Amendments of the United States Constitution

being more particularly plaintiff's right to be free from arrest without probable cause.

39     That the said false arrest was caused by the defendants, without any legal justification,

without authority of the law and without any reasonable cause or belief that the plaintiff was in

fact guilty of crimes and without any other legal justification.

40     That various defendants who knew of the false arrest and allowed the illegal detention

of the plaintiff to continue, are liable to the plaintiff via their failure to act pursuant to their

affirmative duty to intervene.

41     That defendants who are supervisors within the NYPD who knew of the false arrest and

continued to allow and/or participate and/or cause the arrest of the plaintiff and who either

directly participated in the violation of plaintiff's rights or who after learning of the violation

failed to remedy the wrong are liable to the plaintiff for the violation of her rights pursuant to

the Fourth Amendment and via the principle of supervisor liability.

42     That by reason of the unlawful false arrest, the plaintiff was subjected to great

indignities, humiliation, anxiety, embarrassment, he was defamed in his community, he was prevented from conducting his normal affairs of business, his personal life was interfered with and he was subjected to numerous other harms.

43     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS, he is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
BY AN UNREASONABLE ENTRY, SEARCH AND SEIZURE**

44     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

45     That the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiffs were subjected to an unreasonable entry, search and seizure of their home.

46     That there was no legal justification for the defendants to enter plaintiffs' apartment.

47     That there was no legal justification for the defendants breaking the door to plaintiffs' apartment.

48     That once the defendants entered plaintiffs' apartment, they acted unreasonably in damaging plaintiffs' apartment and their belongings unnecessarily.

49     That by reason of the unlawful entry, search and seizure the plaintiffs were subjected to, great indignities, embarrassment, humiliation, anxiety, destruction of their property and emotional harms which are adversely effecting Rosado and Beltran to the present time and that they were subjected to numerous other harms.

50     That all the defendants who knew of the violations of plaintiffs' rights and who had a reasonable opportunity to either prevent it from commencing or stop it from continuing are liable to the plaintiffs via their failure to exercise their affirmative duty to intervene.

51      That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS each, they are entitled to awards of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR AN FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS
BY THE CITY OF NEW YORK,
i.e., MONELL CLAIM**

52      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

53      That the plaintiffs' rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

54      Defendant NYC, as well as unidentified police officers who were supervisors and final decision makers, as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by matters overtly similar to the instant matter and in spite of repeated complaints of similar behavior particularly regarding searches of homes being conducted unconstitutionally and that there has been no meaningful attempt on the part of NYC to investigate or forestall further incidents.

55      That the defendant NYC intentionally operates an ineffective Civilian Complaint Review Board, which operates in great part for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

56      That the defendant NYC intentionally operates an ineffective Internal Affairs Department of the City's police department, which operates in great part for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

57      That as a result of NYC's deliberate indifference to the ineffectiveness of the CCRB and IAB, the defendants in the instant case felt free to and did in fact violate the plaintiffs'

rights.

58     That the defendant NYC has never properly trained members of the NYPD in how to
minimize infringing individuals' rights when conducting searches of homes.

59     That by reason of the aforementioned violations of plaintiffs' constitutional rights, the
plaintiffs were subjected to great indignities, humiliation, embarrassment, anxiety, they were
prevented from conducting their normal affairs of business and they were subjected to
numerous other harms.

60     That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed
THREE HUNDRED THOUSAND ($300,000.00) DOLLARS each, and that an award of
attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

          **WHEREFORE**, plaintiff demands judgment against the defendants for plaintiff
Rosado in a sum not to exceed FIVE MILLION ($5,000,000.00) DOLLARS and for the
plaintiff Mercado in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00)
DOLLARS and punitive damages on the First Cause of Action; in a sum not to exceed THREE
HUNDRED THOUSAND ($300,000.00) DOLLARS and punitive damages on the Second
Cause of Action; in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00)
DOLLARS and punitive damages on the Third Cause of Action, and in a sum not exceed
THREE HUNDRED THOUSAND ($300,000.00) DOLLARS on the Fourth Cause of Action
along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on plaintiffs' federal cause
of actions together with costs and disbursements of this action; a trial by jury of all issues
involved in this complaint; and such other and further relief as this Court may deem just and
proper under the circumstances.

Dated: August 28, 2008
      New York, New York

                                                                     / s /

FRED LICHTMACHER (FL-5341)
Attorney for Plaintiffs
The Empire State Building
350 5th Avenue Suite 7116
New York, New York 10118
(212) 922-9066

To:    Michael Cardozo
        Corporation Counsel City of New York
        100 Church Street
        New York, New York 10007